**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **FAITH PLEASES GOD CHURCH** | § | |
| | § | |
| **VS.** | § | **CASE NO. 1:19-cv-133** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY, ET AL.** | § | |

*On Removal from:*

**CAUSE NO. 2019-DCL-03937-A**

| | | |
|---|---|---|
| **FAITH PLEASES GOD CHURCH** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **CAMERON COUNTY, TEXAS** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY, ET AL.** | § | **107TH JUDICIAL DISTRICT** |

**EXHIBIT 5**

**ALL DOCUMENTS FILED IN STATE COURT**

| | Document | Filed |
|---|---|---|
| A | Plaintiff's Original Petition | 7/10/17 |
| B | Defendant Philadelphia Indemnity Insurance Company's Original Answer | 7/17/17 |
| C | Defendant Philadelphia Indemnity Insurance Company's Notice of Removal to Federal Court | 7/19/17 |

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MULTICULTURAL EDUCATION** | § | |
| **AND COUNSELING THROUGH** | § | |
| **THE ARTS, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **CIVIL NO. 4:19-cv-2546** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT PHILADELPHIA INDEMNITY INSURANCE
COMPANY'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446(a), Philadelphia Indemnity Insurance Company, the Defendant in the above-styled case, files this Notice of Removal from the District Court of Harris County, Texas, 333rd Judicial District, to the United States District Court for the Southern District of Texas, Houston Division.

### INTRODUCTION

1.      The Plaintiff is Multicultural Education and Counseling for the Arts, Inc. ("Plaintiff").

2.      The Defendant is Philadelphia Indemnity Insurance Company ("Defendant").

3.      Plaintiff commenced this first-party insurance case on June 11, 2019. Plaintiff asserted claims under Texas law against Defendant for (a) breach of

contract, (b) violation of certain provisions of chapter 541 of the Texas Insurance Code, (c) violation of certain provisions of chapter 542 of the Texas Insurance Code, (d) violations of the Texas Deceptive Trade Practices Act, and (e) breach of the common-law duty of good faith and fair dealing.

4.     Plaintiff commenced this action upon its filing of its original state-court pleading, entitled Plaintiff's Original Petition.  Plaintiff served that pleading and Citation upon Defendant on July 8, 2019.  Defendant is therefore timely filing this Notice of Removal.  28 U.S.C. § 1446(b)(3).

## VENUE IS PROPER

5.     Pursuant to 28 U.S.C. § 1441(a), this action may be removed to this Court because it is the district and division embracing Harris County, Texas, the county in which the state court action is pending.

## BASIS FOR REMOVAL

6.     This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

## A.     Complete Diversity of Citizenship Exists.

7.     Plaintiff is a Texas non-profit corporation.  *See* Plaintiff's Articles of Incorporation, attached as part of **Exhibit 1**; *see also* Pl.'s Orig. Pet. ¶ 3 ("MECA is a Texas corporation doing business in Harris County, Texas.")  Plaintiff also maintains its principal place of business in Houston, Texas.  *See id.*(specifying that Plaintiff's initial office was in Houston, Texas); Policy, Common Policy Declarations,

attached as part of **Exhibit 1** (showing Plaintiff's address as 1900 Kane Street, Houston, Texas.

8.     Philadelphia is a corporation organized and existing under the laws of the State of Pennsylvania.  *See* Affidavit of Kevin B. Liney, attached as **Exhibit 2** (attesting to the facts that Defendant is incorporated in and maintains its principal place of business in Pennsylvania); *see also* Pl.'s Orig. Pet. ¶ 4 ("Defendant Philadelphia Indemnity Insurance Company is a foreign corporation doing business in Texas . . .").

9.     Complete diversity of citizenship therefore exists between all plaintiffs and all defendants.

## B.     The Amount in Controversy Exceeds $75,000.

10.     Plaintiff's Original Petition alleges that Plaintiff "seeks monetary relief of more than $100,000. . . ."  Pl.'s Orig. Pet. ¶ 1, at 1.  Moreover, on or about January 25, 2019, Plaintiff's counsel sent Defendant a "Texas Insurance Code 542A and Formal Demand" citing and attaching an estimate representing "actual damages in the amount of over $261,523.21."  A true and correct copy of that estimate is attached as **Exhibit 3**

11.     Plaintiff therefore seeks damages, exclusive of interest and attorney's fees, in excess of the jurisdictional minimum of $75,000.

## C.     Removal Is Appropriate Under the Court's Diversity Jurisdiction.

12.     In light of these facts, the state court claim may be removed to this Court because: (a) this action is a civil action pending within the jurisdiction of the

United States District Court for the Southern District of Texas; (b) none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought", 28 U.S.C. § 1441(b)(2); and (c) the amount in controversy exceeds $75,000, exclusive of interests and costs.

### FILING OF REMOVAL PAPERS

13.    Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to all other counsel of record. Further, Philadelphia is filing a copy of this Notice of Removal with the Clerk of the 333rd Judicial District Court of Harris County, Texas, where Plaintiff commenced this action.

14.    Defendant is filing the following items concurrently with this Notice of Removal, or attaching them to this Notice of Removal as required by Southern District of Texas Local Rule 81:

(a)    A completed JS-44 Civil Cover Sheet (**Exhibit 4**);

(b)    All executed process in the case (**Exhibit 5**);

(c)    Pleadings asserting causes of action (**Exhibit 6**);

(d)    Any orders signed by the state judge (**none**);

(e)    The docket sheet in the state court action (**Exhibit 7**);

(f)    An index of matters being filed; and

(g)    A list of all counsel of record, including addresses, telephone numbers and parties represented. (**Exhibit 8**).

<u>CONCLUSION</u>

Defendant Philadelphia Indemnity Insurance Company gives notice to the Court of its removal of the above-captioned action from the 333rd Judicial District Court of Harris County, Texas, and requests that further proceedings be conducted in the United States District Court for the Southern District of Texas, Houston Division, as provided by law.

Dated: July 15, 2019

Respectfully submitted,

_/s/ William R. Pilat_
William R. Pilat
Texas Bar No. 00788205
S.D. Tex. Admission No. 18655
MAYER LLP
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
Telephone: 713-487-2000
Facsimile: 713-487-2019
Email: wpilat@mayerllp.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY**

**Of Counsel:**

Allison M. Hooker
Texas Bar No. 24046103
S.D. Tex. Admission No. 578224
MAYER LLP
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
Telephone: 713-487-2000
Facsimile: 713-487-2019
Email: ahooker@mayerllp.com

## CERTIFICATE OF SERVICE

I certify that on July 15, 2019, a true and correct copy of the foregoing pleading was forwarded to all other counsel of record, as listed below, by emailing the same to such attorney(s) and by mailing it by certified mail, return receipt requested:

Jason M. Klein
KEARNEY, MCWILIAMS & DAVIS
410 Pierce Street, Suite 241
Houston, Texas  77002


___/s/   William R. Pilat_____
William R. Pilat

 **CT Corporation**

**Service of Process Transmittal**
07/15/2019
CT Log Number 535856009

**TO:** Scott Yurko
Tokio Marine Specialty Insurance Company
One Bala Plaza, Suite 402
Bala Cynwyd, PA 19004-

**RE:** **Process Served in Texas**

**FOR:** Philadelphia Indemnity Insurance Company  (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | FAITH PLEASES GOD CHURCH CORPORATION, PLTF. vs. PHILADELPHIA INDEMNITY INSURANCE COMPANY, ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | CITATION, PETITION |
| **COURT/AGENCY:** | CAMERON COUNTY DISTRICT COURT, T
Case # 2019DCL03937A |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/15/2019 postmarked on 07/11/2019 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after the date you were served this citation and petition |
| **ATTORNEY(S) / SENDER(S):** | David Bergen
Daly & Black, P.C.
2211 Norfolk St., Suite 800
Houston, TX 77098
713-655-1405 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/15/2019, Expected Purge Date: 07/20/2019

Image SOP

Email Notification,  Nora Howard  nhoward@phlyins.com

Email Notification,  Scott Yurko  scott.yurko@tmnas.com

Email Notification,  Morgan Knapp  morgan.knapp@tmnas.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street
Suite 900
Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Page 1 of  1 / RB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



US POSTAGE >> PITNEY BOWES

ZIP 78520   $ 006.85
02 4W
0000340735 JUL 11 2019

## CERTIFIED MAIL

ERIC GARZA
CAMERON COUNTY DISTRICT CLERK
974 E HARRISON ST # 3
BROWNSVILLE, TX 78520-7123



9214 8901 0661 5400 0140 3814 54

RETURN RECEIPT (ELECTRONIC)

**2019-DCL-03937-A**
**PHILADELPHIA INDEMNITY INSURANCE COMPANY**
**C/O REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN ST STE 900**
**DALLAS, TX 75201-3140**

| CITATION BY CERTIFIED/REGULAR MAIL |
| --- |

# THE STATE OF TEXAS

## 2019-DCL-03937-A

TO      **Philadelphia Indemnity Insurance Company**
**May be served through its registered agent CT Corporation System**
**1999 Bryan Street Suite 900**
**Dallas TX  75201-3136:**

| | | |
| --- | --- | --- |
| **Faith Pleases God Church Corporation** | § | IN THE 107TH DISTRICT COURT |
| VS | § | OF |
| **Philadelphia Indemnity Insurance Company;** | § | CAMERON COUNTY, TEXAS |
| **Vericlaim, Inc.; John Julian Adame** | | |

**NOTICE TO DEFENDANT:** "**You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you.**" TRCP. 99

You are hereby commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 107th District Court of Cameron County, at the Courthouse in said County in Brownsville, Texas. Said **Plaintiff's Original Petition** was filed in said court on **July 10, 2019**, in the above entitled cause.

The File Number of Suit Being:   **2019-DCL-03937-A**
The Style of the Case is:       **Faith Pleases God Church Corporation  vs.  Philadelphia Indemnity Insurance Company,Vericlaim, Inc.,John Julian Adame**

The nature of Petitioner's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Brownsville, Texas, on this the 11th day of July, 2019.

ATTORNEY:
**David Bergen**
**713-655-1405**
**2211 Norfolk St Suite 800**
**Houston TX  77098**

Eric Garza
District Clerk of Cameron County
974 E Harrison Street
Brownsville, Texas 78520

**Viviana Fuentes**, Deputy Clerk

| 2019-DCL-03937-A | 107th District Court |
|---|---|
| Faith Pleases God Church Corporation  vs.  Philadelphia Indemnity Insurance Company,Vericlaim, Inc.,John Julian Adame ||

### RETURN OF SERVICE

#### CERTIFICATE OF DELIVERY BY FIRST CLASS MAIL / CERTIFIED MAIL

Came to hand **on this the 11th day of July, 2019** I hereby certify that on **July 11, 2019**, I mailed to **Philadelphia Indemnity Insurance Company  through its registered agent CT Corporation System  1999 Bryan Street Suite 900   Dallas TX   75201-3136** by **FIRST CLASS MAIL / CERTIFIED MAIL (WITH DELIVERY RESTRICTED TO ADDRESSEE ONLY, RETURN RECEIPT REQUESTED)**, a true copy of this CITATION with a copy of the **Plaintiff's Original Petition** attached hereto.

Eric Garza
District Clerk of Cameron County
974 E Harrison Street
Brownsville, Texas 78520

By: _____
**Viviana Fuentes**, Deputy Clerk

FILED - 7/10/2019 11:36 AM
2019-DCL-03937 / 35007972
ERIC GARZA
Cameron County District Clerk
By Miriam Longoria Deputy Clerk

CAUSE NO. 2019-DCL-03937
_____

| | | |
|---|---|---|
| FAITH PLEASES GOD CHURCH CORPORATION | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | CAMERON COUNTY, TEXAS |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY, | § | |
| VERICLAIM, INC., AND JOHN | § | Cameron County - 107th District Court |
| JULIAN ADAME | § | |
| | § | _____ JUDICIAL DISTRICT |
| Defendants | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Faith Pleases God Church Corporation ("Faith"), Plaintiff herein, files this Original Petition against Defendants Philadelphia Indemnity Insurance Company ("Philadelphia"), Vericlaim, Inc. ("Vericlaim"), and John Julian Adame ("Mr. Adame") and, in support of its causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1. Faith is a Texas corporation whose principal office is located in Cameron County, Texas.

2. Philadelphia is an insurance company doing business in the State of Texas, which may be served through its registered agent for service of process in the State of Texas, CT Corporation System, via certified mail, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

3. Vericlaim is a company doing business in the State of Texas, which may be served through its registered agent for service of process in the State of Texas, Corporation Service

Company D/B/A CSC-Lawyers Inc., via certified mail, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4. Mr. Adame is a Texas resident who participated in adjusting Faith's insurance claim, and he may be served, via certified mail, at 722 Morgan Blvd., Ste. M, Harlingen, Texas 78550-5124.

## II.
## DISCOVERY

5. This case is intended to be governed by Discovery Level 2.

## III.
## CLAIM FOR RELIEF

6. The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## IV.
## JURISDICTION AND VENUE

7. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

8. Venue is proper in Cameron County because all or a substantial part of the events or omissions giving rise to the claim occurred in Cameron County. TEX. CIV. PRAC. & REM. CODE §15.002(a)(1). In particular, the loss at issue occurred in Cameron County.

## V.
## FACTUAL BACKGROUND

9. Faith is a named insured under a property insurance policy issued by Philadelphia.

2

10.     On or about June 20, 2018 a storm hit the Harlingen, Texas area, damaging Faith's church and other property.  Faith subsequently filed a claim on its insurance policy.  Philadelphia assigned it Claim No. 1184634.

11.     Defendants improperly denied and/or underpaid the claim.

12.     Mr. Adame of Vericlaim was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages were observed during the inspection, and undervalued the damages observed during the inspection.

13.     More specifically, Mr. Adame informed Plaintiff that the property did not sustain any covered damages without providing Plaintiff any documentation from his inspection.  As a result, Plaintiff was forced to hire an independent contractor to write an estimate for covered wind damages to the Property, which was then provided to Defendants.  Defendants then hired a biased engineer to deny coverage despite the clear evidence of damages.

14.     Moreover, it appears Mr. Adame attempted to deny coverage by cutting and pasting Defendants' form denial letter that cites inapplicable exclusions.  The letter sent to Plaintiff misrepresents the insurance policy issued by Philadelphia.

15.     To make matters worse, due to Defendants systematic denial letters, Plaintiff was forced to retain a public adjusting company to represent it at its own expense.  Plaintiff's public adjuster attempted to negotiate with Defendants, but Defendants refused to cooperate, refused to respond, and refused to properly pay and adjust Plaintiff's claim.  In other words, Defendants completely ignored the public adjuster's correspondence and denied Plaintiff's claim based on flawed misrepresentations that contradict itself.  Defendants completely ignored and turned a blind eye to the damages that Plaintiff pointed out to them.

3

16.     Mr. Adame's unreasonable investigation led to the underpayment of Plaintiff's claim.

17.     Moreover, Philadelphia, Vericlaim, and Mr. Adame performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

18.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract (Philadelphia Only)**

19.     Philadelphia had a contract of insurance with Plaintiff. Philadelphia breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.     Prompt Payment of Claims Statute (Philadelphia Only)**

20.     The failure of Philadelphia to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

21.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.     Bad Faith (Philadelphia, Vericlaim, and Adame)**

22.     Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

23.     Defendants violated § 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

24.     Defendants violated § 541.060 by:

4

    (2)      misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    (3)      failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (4)      failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (5)      failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    (6)      refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

25.    Defendants violated § 541.061 by:

    (7)      making an untrue statement of material fact;

    (8)      failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    (9)      making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    (10)    making a material misstatement of law; and

    (11)    failing to disclose a matter required by law to be disclosed.

26.    Defendants' violations of Chapter 541 of the Texas Insurance Code enumerated above caused damages to Plaintiff in at least the amount of policy benefits wrongfully withheld.

27.     Defendants knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code § 541.152(a)-(b).

**D.     Attorneys' Fees**

28.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

29.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because it is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

30.     Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

31.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## VIII.
## DISCOVERY REQUESTS

32.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

33.     You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

6

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Faith Pleases God Church Corporation prays

that, upon final hearing of the case, recover all damages from and against Defendants that may

reasonably be established by a preponderance of the evidence, and that Faith be awarded attorneys'

fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and

such other and further relief, general or special, at law or in equity, to which Faith may show itself

to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: ___*/s/ David Bergen*___
David Bergen
TBA No. 24097371
dbergen@dalyblack.com
Richard D. Daly
TBA No. 00796429
rdaly@dalyblack.com
ecfs@dalyblack.com
2211 Norfolk St., Suite 800
Houston, Texas 77098
713.655.1405—Telephone
713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF
FAITH PLEASES GOD CHURCH
CORPORATION**

7

## PLAINTIFF'S FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COME NOW Plaintiff in the above-styled and numbered cause, and request that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through his/her attorneys of record, Daly & Black, P.C., 2211 Norfolk St, Suite 800, Houston, Texas 77098; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at the Daly & Black, P.C. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a. You know the response made was incorrect or incomplete when made; or

b. You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

8

Respectfully submitted,

**DALY & BLACK, P.C.**

By: _/s/ David Bergen_

David Bergen
TBA No. 24097371
dbergen@dalyblack.com
Richard D. Daly
TBA No. 00796429
rdaly@dalyblack.com
ecfs@dalyblack.com
2211 Norfolk St., Suite 800
Houston, Texas 77098
713.655.1405—Telephone
713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF**
**FAITH PLEASES GOD CHURCH**
**CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition. Therefore, Defendant would have received it when it was served with the citation.

_/s/ David Bergen_
David Bergen

9

## **INSTRUCTIONS**

A.      These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.      Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above at Daly & Black, P.C.

C.      If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

1.   Identify the document's title and general subject matter;
2.   State its date;
3.   Identify all persons who participated in its preparation;
4.   Identify the persons for whom it was prepared or to whom it was sent;
5.   State the nature of the privilege claimed; and
6.   State in detail each and every fact upon which you base your claim for privilege.

D.      If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.      If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

F.      You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

1.   You know the response made was incorrect or incomplete when made; or
2.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances

## DEFINITIONS

A. **"Defendant," "You," "Your(s),"** refers to Philadelphia Indemnity Insurance Company, its agents, representatives, employees and any other entity or person acting on its behalf.

B. **"Plaintiff"** refers to the named Plaintiff in the above-captioned suit.

C. **"The Property(ies)"** refers to the property or properties located at the address covered by the Policy.

D. **"The Policy"** refers to the policy issued to Plaintiff by the insurer and at issue in this lawsuit.

E. **"The Claim(s)"** means the claim for insurance benefits submitted by Plaintiff and at issue in this lawsuit, or in a prior claim, as the context may dictate.

F. **"Date of Loss"** refers to the date(s) of loss identified in Plaintiff's live petition/complaint or other written or oral notice, or otherwise assigned to the claim by the insurer.

G. **"Handle"** or **"Handled"** means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

H. **"Lawsuit"** refers to the above styled and captioned case.

I. **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intraoffice correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

J. The term **"Document"** shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all nonidentical copies, correspondence, notes, letters, memoranda of telephone conversations, telephone messages or call slips, interoffice memoranda, intraoffice memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents, studies, summaries, minutes, notes,

agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions,charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or nonidentical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or nonidentical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

K.  The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

L.  The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

M.  The terms **"identification," "identify,"** and **"identity"** when used in reference to:

1.  **Natural Persons**: Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;

2.  **Corporate Entities**: Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;

3.  **Documents:** Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;

4.  **Communication:** Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and

5.  **Activity:** Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

N.  The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file notes, claims diary or journal entries, log notes, handwritten notes, records of oral

communications, communications, correspondence, photographs, diagrams, estimates, reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

O.    The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiff's Property.

## NOTICE OF AUTHENTICATION

You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiff intends to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

13

## INTERROGATORIES TO DEFENDANT PHILADELPHIA

### INTERROGATORY NO. 1:
Identify all persons answering or supplying any information in answering these interrogatories.

#### ANSWER:

### INTERROGATORY NO. 2:
Identify all persons who were involved in evaluating Plaintiff's claim and provide the following information for each person you identify:

    a.     their name and job title(s) as of the Date of Loss;

    b.     their employer; and

    c.     description of their involvement with Plaintiff's Claim.

#### ANSWER:

### INTERROGATORY NO. 3:
If you contend that the some or all of the damages to the Property were not covered losses under the Policy, describe:

    a.     the scope, cause and origin of the damages you contend are not covered losses under the Policy; and

    b.     the term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

#### ANSWER:

### INTERROGATORY NO. 4:
State whether the initial estimate you issued was revised or reconciled, and if so, state what was changed and who did it.

#### ANSWER:

### INTERROGATORY NO. 5:
If you contend that Plaintiff did not provide you with requested information that was required to properly evaluate Plaintiff's Claim, identify the information that was requested and not provided, and the dates you made those request(s).

#### ANSWER:

**INTERROGATORY NO. 6:**

If you contend that Plaintiff's acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

### ANSWER:

**INTERROGATORY NO. 7:**

If you contend that Plaintiff failed to satisfy a condition precedent or covenant of the Policy in any way, state the factual basis for your contention(s).

### ANSWER:

**INTERROGATORY NO. 8:**

Identify the date you first anticipated litigation.

### ANSWER:

**INTERROGATORY NO. 9:**

State the factual basis for each of your affirmative defenses.

### ANSWER:

**INTERROGATORY NO. 10:**

If you contend that Plaintiff failed to provide proper notice of the claim made the basis of this lawsuit, describe how the notice was deficient, and identify any resulting prejudice.

### ANSWER:

**INTERROGATORY NO. 11:**

If you contend that Plaintiff failed to mitigate damages, describe how Plaintiff failed to do so, and identify any resulting prejudice.

### ANSWER:

**INTERROGATORY NO. 12:**

Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

### ANSWER:

15

## REQUEST FOR PRODUCTION TO PHILADELPHIA

### REQUEST FOR PRODUCTION NO. 1

Produce a certified copy of all Policies you issued to Plaintiff for the Property that were in effect on the Date of Loss.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 2

If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claim at issue, produce a certified copy of all policies you issued to Plaintiff for the Property that were in effect during the handling of those claim(s).

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 3

Produce a copy of the declarations pages you issued for the Property in the three (3) years preceding the Date of Loss.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 4

Produce your complete Underwriting File for Plaintiff's policy of insurance with you.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 5

Produce the complete Claim File including all documents and communications regarding the Claim.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 6

Produce the Claim Files regarding the Claim of any third-party you hired and/or retained to investigate, consult on, handle and/or adjust the Claim.

### RESPONSE:

16

**REQUEST FOR PRODUCTION NO. 7**
If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claim at issue, produce the complete Claim File regarding those prior claim(s).

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**
Produce all documents Plaintiff (or any other person) provided to you related to the Claim or the Property.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**
Produce all documents you provided to Plaintiff (or any other person) related to the Claim or the Property.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**
Produce all documents (including reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s)) referring to the Claim, the Property or damage to the Property.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**
Produce color copies of all visual reproductions of the Property taken either prior to, at the time of, or after the Date of Loss (including diagrams, drawings, photographs, video records, videotapes, or other information).

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**
The file from the office of Plaintiff's insurance agent concerning Plaintiff's Property.

    **RESPONSE:**

17

**REQUEST FOR PRODUCTION NO. 13**
Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiff's Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**
Produce all written communications you sent to, or received from, any independent adjusters, engineers, contractors, estimators, consultants or other third-parties who participated in investigating, handling, consulting on, and/or adjusting Plaintiff's Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**
Produce all written and/or electronic communications you sent to, or received from, Plaintiff's insurance agent related to the Claim, the Property, the Plaintiff or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**
Produce all written and/or electronic communications you sent to, or received from, any local, state, or governmental entity related to the Claim, the Property, the Plaintiff or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**
Produce all written and/or electronic communications you sent to, or received, from Plaintiff and/or any other named insured on the Policy related to the Claim, the Property, or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**
Produce the personnel file for anyone you (or an adjusting firm) assigned to participate in evaluating damage to Plaintiff's Property, including performance reviews/evaluations. This request is limited to the three (3) years prior to the Date of Loss and one (1) year after the Date of Loss.

**RESPONSE:**

18

**REQUEST FOR PRODUCTION NO. 19**
Produce your claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to your claims practices, procedures and standards for property losses and/or wind and hail storm claims, for persons handling claims on your behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20**
Produce your property claims training manual and materials in effect on the Date of Loss, for persons handling, investigating and adjusting claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21**
Produce all bulletins, notices, directives, memoranda, internal newsletters, publications, letters and alerts directed to all persons acting on your behalf that were issued from six (6) months before and after the Date of Loss related to the handling of wind or hail storm claims in connection with the storm at issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22**
Produce the contract(s), agreement(s) and/or written understanding(s) with any independent adjusters or adjusting firms who you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect on the Date of Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23**
Produce the contract(s), agreement(s) and/or written understanding(s) with any engineers and/or engineering firms you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect at the time of his/her investigation, handling and/or adjustment of Plaintiff's claim, either pre or post-lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24**
Produce the "Pay sheet," "Payment Log," or list of payments made on Plaintiff's Claim, including all indemnity, claim expenses and payments made to third-parties.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25**

Produce all billing statements, including billing detail, showing the amounts you paid or for which you were billed by any independent adjusters or adjusting firms who inspected Plaintiff's Property in connection with the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26**

Produce all billing detail showing the amounts you paid or for which you were billed by any engineer and/or engineering firm who inspected Plaintiff's Property in connection with the Claim, whether pre or post-lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27**

Produce all estimates, reports or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms in connection with the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28**

Produce all estimates, reports, or memoranda, including drafts of the same, created for you by any engineers and/or engineering firms in connection with the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29**

Produce all statements given by anyone, oral or written, to you or any of your agents, related to Plaintiff's Claim and/or any issue in Plaintiff's live petition

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30**

Pursuant to the applicable rules of evidence, produce all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

**RESPONSE:**

20

**REQUEST FOR PRODUCTION NO. 31**
Produce all documents you identified, referred to, or relied upon in answering Plaintiff's interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32**
Produce all non-privileged documents you identified, referred to, or relied upon in developing, answering and/or formulating your Answer and/or Affirmative Defenses to Plaintiff's live petition.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33**
Produce copies of all documents you intend to offer as evidence at the trial of this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34**
Produce copies of all documents relating to your declaration of the storm alleged to have caused damage to Plaintiff's Property as a "catastrophe."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35**
Produce copies of your engagement letter/fee agreement between you (or whatever entity or person is paying your attorney's fee bills) and your attorneys in this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36**
Produce copies of your attorney's[s'] fee bills in this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37**
If this claim involves reinsurance, produce copies of the policy or agreement pertaining to that reinsurance.

**RESPONSE:**

21

**REQUEST FOR PRODUCTION NO. 38**
If an attorney was involved in evaluating payment or coverage of Plaintiff's Claim pre-suit, provide all documents relating to that evaluation or recommendation.

**RESPONSE:**

## REQUEST FOR ADMISSIONS TO PHILADELPHIA

### REQUEST FOR ADMISSION NO. 1:

Admit that on Date of Loss the Property sustained damages caused by a windstorm.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 2:

Admit that on Date of Loss the Property sustained damages caused by a hailstorm

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 3:

Admit that as of the Date of Loss the Policy was in full force and effect.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 4:

Admit that as of the Date of Loss all premiums were fully satisfied under the Policy.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 5:

Admit that the Policy is a replacement cost value policy.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 6:

Admit that the Policy is an actual cash value policy.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 7:

Admit that aside from the Claim at issue, Plaintiff has never previously submitted a claim to you for damage to the Property.

#### RESPONSE:

**REQUEST FOR ADMISSION NO. 8:**
Admit that you did not request a Sworn Proof of Loss from Plaintiff in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**
Admit that you did not request a Sworn Proof of Loss from any other named insured on the Policy in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
Admit that Plaintiff timely submitted the Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
Admit that your decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that third parties were responsible for causing damages to the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that the claimed damages are not covered by the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the timeliness of the Claim's submission.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**
Admit that you depreciated the costs of labor when determining the actual cash value of the
Claim at issue.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**
Admit that the adjuster assigned to investigate the Claim did not review the underwriting file at
any time during the adjustment of the Claim.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**
Admit that the Claim was reviewed by persons other than people who actually inspected the
Property.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**
Admit that you reinsured the risk under Plaintiff's Policy.

    **RESPONSE:**

# EXHIBIT B

Filed 7/19/2019 4:37 PM
2019-DCL-03937 / 35215483
ERIC GARZA
Cameron County District Clerk
By Christina Hernandez Deputy Clerk

## CAUSE NO. 2019-DCL-03937

| | | |
|---|---|---|
| **FAITH PLEASES GOD CHURCH**, | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **CAMERON COUNTY, TEXAS** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY,** | § | |
| **VERICLAIM, INC. and** | § | |
| **JOHN JULIAN ADAME**, | § | |
| | § | |
| *Defendants.* | § | **107TH JUDICIAL DISTRICT** |

## PHILADELPHIA INDEMNITY INSURANCE <u>COMPANY'S ORIGINAL ANSWER</u>

TO THE HONORABLE DISTRICT COURT JUDGE:

**Philadelphia Indemnity Insurance Company**, a Defendant in the above-styled and numbered cause ("Defendant"), files this Original Answer in response to Plaintiff's Original Petition, and respectfully shows the Court as follows:

## I.

### <u>GENERAL DENIAL</u>

As permitted by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of all the matters pled by the Plaintiff, Faith Pleases God Church ("Plaintiff"), and requests that the Court require Plaintiff to prove all of its charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

---

## II.

### AFFIRMATIVE DEFENSES

By way of affirmative defense, if the same should be necessary, and as permitted by Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the following as to the claims and causes of action brought against it by Plaintiff:

1.      As to Plaintiff's claims for violation of provisions of chapter 541 of the Insurance Code and for breach of the common law duty of good faith and fair dealing, Philadelphia alleges that a bona fide dispute exists, precluding liability and Plaintiff's recovery of damages under these extra-contractual theories. *U.S. Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 268 (Tex. 1997); *see Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994).

2.      Pleading further and in the alternative, Defendant states that any of Plaintiff's claims based upon Defendant's alleged "making statements misrepresenting the terms and/or benefits of the policy" fail as a matter of law because the language of an insurance policy controls and the insured has a duty to read and be familiar with the terms of his own insurance policy. *Heritage Manor of Blaylock Props., Inc. v. Petersson*, 677 S.W.2d 689, 691 (Tex. App.—Dallas 1984, writ ref'd n.r.e.); *Howard v. Burlington Ins. Co.*, 347 S.W.3d 783, 792 (Tex. App.—Dallas 2011, no pet.); *Garrison Contractors, Inc. v. Liberty Mut. Ins. Co.*, 927 S.W.2d 296, 300 (Tex. App.—El Paso 1996) ("[A]n insured has a duty to read the policy and, failing to do so, would be charged with knowledge of the policy terms and conditions."), *aff'd*, 966 S.W.2d 482 (Tex. 1998). Further, an insured is bound to the

terms of the policy whether he reads it or not. *Howard v. Burlington Ins. Co.*, 347 S.W.3d at 792 (citing *Manion v. Security Nat'l Ins. Co.*, No. 13-01-248-CV, 2002 WL 34230861, *3 (Tex. App.—Corpus Christi Aug. 15, 2002, no pet.)); *Ruiz v. Gov't Employees Ins. Co.*, 4 S.W.3d 838, 841 (Tex. App.—El Paso 1999, no pet.).

3.      Pleading further and in the alternative, Defendant asserts that under Texas law, coverage under a policy of insurance cannot be created by waiver or estoppel. *Ulico Cas. Co. v. Allied Pilots Assn.*, 262 S.W.3d 773, 778-79 (Tex. 2008) (citing *Farmers Tex. County Mut. Ins. Co. v. Wilkinson*, 601 S.W.2d 520 (Tex. Civ. App.—Austin 1980, writ ref'd n.r.e.)).

4.      Pleading further and in the alternative, Defendant asserts that if Plaintiff's damages, if any, resulted from both covered and non-covered causes of loss, Plaintiff bears the burden of segregating the damages which resulted from covered causes of loss. *See Nat'l Union Fire Ins. of Pittsburgh, Pa. v. Puget Plastics Corp.*, 735 F.Supp.2d 650, 669 (S.D. Tex. 2010); *All Saints Catholic Church v. United Nat'l Ins. Co.*, 257 S.W.3d 800 (Tex. App.—Dallas 2008, no pet.); *Feiss v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004).

5.      Pleading further and in the alternative, Defendant asserts the defenses of waiver and estoppel as provided under applicable law.

6.      Pleading further and in the alternative, Defendant alleges that discovery in this case may show that Plaintiff failed to mitigate its damages as required by applicable law and Plaintiff's claims and causes of action may therefore be barred in whole or in part.

---

7.     Pleading further, and in the alternative, Defendant alleges that the discovery in this case may show that Plaintiff failed to mitigate its damages as required under the terms and provisions of the policy of insurance Defendant issued to Plaintiff, and that any damages Plaintiff suffered by such failure to mitigate are therefore barred.

8.     Pleading further and in the alternative, Defendant asserts the coverage language, exclusions, limitations and definitions in the policy of insurance Defendant issued to Plaintiff under number PHPK1819379, including but not limited the following:

a.     *Property Coverage Form* (PI-ULT-007 11.98), modified by *Texas Changes* endorsement (form PI-ULT-043 01.01):

**A. Coverage**

We will pay for direct physical "loss" to Covered Property caused by or resulting from any of the Covered Causes of Loss.

**B. Exclusions**

See the Causes of Loss Form.

**E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

**3. Duties In The Event Of Loss Or Damage**

a.   You must see that the following are done in the event of "loss" to Covered Property:

\* \* \*

**(4)** Take all reasonable steps to protect the Covered Property from further damage by and of the Covered Causes of Loss.  If feasible, set the damaged property aside and in the best possible order for examination.  Also, keep a record of your expenses for emergency and temporary repairs, for consideration in settlement of the claim.  This will not increase the Limit of Insurance.

---

**(5)** At our request, give us complete inventories of the damaged and undamaged property. Include quantities, cost, values, and amount of **"loss"** claimed.

**(6)** As often as may be reasonably required, permit us to inspect the property and records proving the **"loss"**.

Also permit us to take samples of damaged and undamaged property for inspection, testing, and analysis, and permit us to make copies from your books and records.

**(10)** Cooperate with us in the investigation or settlement of the claim.

**4. Loss Payment**

**a.** In the event of "loss" to Covered Property covered by this Coverage form, at our option, we will either:

**(1)** Pay the value of lost or damaged property;

**(2)** Pay the cost of repairing or replacing the lost or damaged property;

**(3)** Take all or any part of the property at an agreed or appraised value; or

**(4)** Repair, rebuild or replace the property with other property of like kind and quality.

**5. Coverage Extensions**

Except as otherwise provided, the following Coverage Extensions apply to property in or the **"buildings"** described in the Declarations or within 1,000 feet of the described premises….

**j. Ordinance or Law**

If a Covered Cause of Loss occurs to a covered **"building"**, we will pay for:

**(1)** Loss to the undamaged portion of the **"building"** caused by enforcement of any ordinance or law that:

**(a)** Requires the demolition of parts of the same property not damaged by a Covered Cause of Loss; and

**(b)** Regulates the construction or repair of **"buildings"** or establishes zoning or land use requirements at the described premises.

This coverage is included within the Limit of Insurance applicable to the covered **"buildings"** shown in the UltimateCover Program Declarations.

**(2)** The cost to demolish and clear the site of undamaged parts of the property caused by enforcement of building, zoning or land use ordinance or law.

The most we will pay for such demolition costs if $300,000 in any one occurrence.

**(3)** We will pay for the increased cost to repair, rebuild or construct the property caused by enforcement of building, zoning or land use ordinance or law. If the property is repaired or rebuilt, it must be intended for similar occupancy as the current property, unless otherwise required by zoning or land use ordinance or law.

However, we will not pay for the increased cost of construction if the **"building"** is not repaired or replaced.

The most we will pay for such increased cost of construction is $300,000 in any one occurrence.

Insurance under this Coverage Extension applies only with respect to an ordinance or law that is in effect at the time of **"loss"**….

**7. Valuation**

We will determine the value of Covered Property in the event of "loss" as follows:

a. At replacement cost (without deduction for depreciation) as of the time of "loss", except as provided in b., c., d., e., f., g., and h. below.

**(1)** We will not pay more for "loss" on a replacement costs basis than the least of:

**(a)** The Limit of Insurance applicable to the lost or damaged property;

**(b)** The cost to replace the lost or damaged property with other property:

**(i)** Of comparable material and quality; and

**(ii)** Used for the same purpose; or

**(c)** The amount you actually spend that is necessary to repair or replace the lost or damaged property.

---

**(2)** We will not pay on a replacement cost basis for any "loss".

**(a)** Until the lost or damaged property is actually repaired or replaced; and

**(b)** Unless the repairs or replacement are made as soon as reasonably possible after the "loss".

If the repairs or replacement are not made as soon as reasonably possible after the "loss", the value of the property will be actual cash value.

(2) *Causes of Loss Form* (PI-ULT-008 11.98), modified by *Limitations on Fungus, Wet Rot, Dry Rot And Bacteria* endorsement (PI-ULT-072 (10/10)):

**A. Covered Causes of Loss**

Covered Causes of Loss means Risks of Direct Physical Loss unless the "loss" is:

**1.** Excluded in Section B., Exclusions; or

**2.** Limited in Section C., Limitations;

that follow.

**B. Exclusions**

**2.** We will not pay for "loss" caused by or resulting from any of the following:

**d. (1)** Wear and tear;

**(2)** Rust, corrosion, decay, deterioration, spoilage, contamination, hidden or latent defect or any quality in property that causes it to damage or destroy itself.

**[2.]** We will not pay for "loss" or damage caused by or resulting from continuous or repeated seepage or leakage of water, or the presence or condensation or humidity, moisture or vapor, that occurs over a period of 14 days or more.

**3.** We will not pay for "loss" caused by or resulting from any of the following.  But if "loss" by a Covered Cause of Loss results, we will pay for that resulting "loss".

**c.** Faulty, inadequate or defective:

**(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

---

**(3)** Materials used in repair, construction, renovation or remodeling; or

**(4)** Maintenance.

Of part or all of any property on or off the described premises.

**2.** We will not pay for "loss" or damage caused by or resulting from continuous or repeated seepage or leakage of water, or the presence or condensation or humidity, moisture or vapor, that occurs over a period of 14 days or more.

**C. Limitations**

**1.** We will not pay for "loss" to:

**c.** The interior of any "buildings", or to personal property in "buildings", caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

**(1)** The "buildings" first sustain damage by a Covered Cause of Loss to their roof or walls through which the rain, snow, ice, sand or dust enters; or

**(2)** The "loss" is caused by or results from thawing of snow, sleet or ice on the "buildings".

**(4)** *Commercial Property Conditions* endorsement (CP 00 90 07 88), modified by *Texas Changes* endorsement (form PI-ULT-043 01.01):

**D. LEGAL ACTION AGAINST US**

No one may bring a legal action against us under this Coverage Part unless:

**a.** There has been full compliance with all of the terms of this Coverage Part….

**H. POLICY PERIOD, COVERAGE TERRITORY**

Under this Coverage Part:

**1.** We cover loss or damage commencing

**a.** During the policy period shown in the Declarations….

**(5)** *Limitations on Fungus, Wet Rot, Dry Rot And Bacteria* endorsement (PI-ULT-072 (10/10)):

**A. Coverage**

**1.** We will pay for "loss" or damage by "fungus," wet or dry rot or bacteria that is the result of fire or lightning.

---

2.  a.  We will also pay for loss or damage by "fungus," wet or dry rot or bacteria that is the result of one or more of the following causes that occurs during the policy period. Coverage applies only if all reasonable means were used to save and preserve the property from further damage at the time of and after that occurrence.

    **(1)** A "specified cause of loss" other than fire or lightning;

    **(2)** Water that backs up or overflows from a sewer, drain or sump; or

    **(3)** Water under the ground surface pressing on, or flowing or seeping through:

        **(a)** Foundations, walls, floors or paved surfaces;

        **(b)** Basements, whether paved or not;

        **(c)** Doors, windows or other openings; or

    **(4)** "Flood," if the Flood Endorsement applies to the affected premises.

  **b.** The term loss or damage as used in Item 2.a. means:

    **(1)** Direct physical "loss" or damage to Covered Property caused by "fungus," wet or dry rot or bacteria, including the cost of removal of the "fungus," wet or dry rot or bacteria;

    **(2)** The cost to tear out and replace any part of the building or other property as needed to gain access to the "fungus," wet or dry rot or bacteria; and

    **(3)** The cost of testing performed after removal, repair, replacement or restoration of the damaged property is completed, provided there is a reason to believe that "fungus," wet or dry rot or bacteria are present.

**3.** The amount we will pay for coverage described in 2.a. above is limited as described in B. Limits of Insurance and C. Additional Conditions – Business Income and/or Extra Expense.

**B.  Limits of Insurance**

**1.** The most we will pay for all "loss" or damage for coverage described in A.1. above is the Limit of Insurance for Covered Property shown in the Declarations.

**2.  a.** The most we will pay for all loss or damage for coverage described in **A. 2.** above is limited to $15,000:

---

        **(1)** Regardless of the number of claims arising out of all occurrences which take place in a 12 month period, starting with the beginning of the present annual policy period; and

        **(2)** Even if the "fungus," wet or dry rot or bacteria continues to be present or active, or recurs in a later policy period.

    **b.** The $15,000 Limit of Insurance is included within, and is not in addition to, the applicable Limit of Insurance for any Covered Property.

(6) *Limitations On Coverage For Roof Surfacing* endorsement (form PI-ULT-144):

This endorsement modifies insurance provided under the following:

PROPERTY COVERAGE PART

SCHEDULE

Premises Number:  ALL
Building Number:   ALL
Indicate Applicability:  Paragraph A

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

A. The following applies with respect to loss or damage by a Covered Cause of Loss (including wind and hail if covered) to a building or structure identified in the Schedule as being subject to this Paragraph A.:

We will not pay for cosmetic damage to roof surfacing caused by wind and/or hail.  For the purpose of this endorsement, cosmetic damage means that the wind and/or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred.

\*   \*   \*

C. For the purposes of this endorsement:

1. Actual cash value is calculated as the amount it would cost to repair or replace the roof surfacing at the time of "loss" or damage, with material of like kind and quality, subject to a deduction for deterioration, depreciation and obsolescence.  Actual cash value applies to valuation of

---

the roof surfacing regardless of whether it has sustained partial or total loss or damage.

The actual cash value of the damaged roof surfacing may be significantly less than its replacement cost.

2. Roof surfacing refers to the shingles, tiles, cladding, metal or synthetic sheeting or similar materials covering the roof and includes all materials used in securing the roof surface and all materials applied to or under the roof surface for moisture protection, as well as roof flashing.

All other terms and conditions of this Policy remain unchanged.

9. Pleading further and in the alternative, Defendant asserts the other coverage language, exclusions, limitations, definitions and defenses reflected in the policy of insurance Defendant issued to Plaintiff.

10. Pleading further and in the alternative, Defendant would show that Plaintiff's damages, if any, are capped by the limits reflected for such amounts alleged in the policy of insurance Defendant issued to Plaintiff.

11. Pleading further and in the alternative, Defendant pleads the applicability of the excessive demand doctrine, which precludes Plaintiff from recovering the fees and expenses of its attorney in this action. *See Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex. 1981).

<u>**PRAYER**</u>

Defendant Philadelphia Indemnity Insurance Company, having fully answered, prays that upon final hearing and trial, the claims and causes of action Plaintiff Faith Pleases God Church has brought against such Defendant be dismissed with prejudice, that Plaintiff take nothing by its claims and causes of

---

action, and that such Defendant obtain such other relief and further relief to which it may be justly entitled.

Respectfully submitted,

**MAYER LLP**

By:_____ */s/   William R. Pilat*_____
     William R. Pilat
     State Bar No. 00788205
     Email:  wpilat@mayerllp.com
     Allison M. Hooker
     State Bar No. 24046103
     Email:  ahooker@mayerllp.com
5051 Westheimer Road, Suite 1000
Houston, Texas 77056
Telephone:  713-487-2000
Facsimile:  713-487-2019

## CERTIFICATE OF SERVICE

    I hereby certify that on July 17, 2019, a true and correct copy of the foregoing *Original Answer* was served upon all other counsel of record, as listed below, by filing it with the electronic service provider for the Cameron County District Courts:

David Bergen
Richard D. Daly
DALY & BLACK, P.C.
2211 Norfolk Street, Suite 800
Houston, Texas 77098

    */s/   William R. Pilat*_____
    William R. Pilat

# EXHIBIT C

CAUSE NO. 2019-DCL-03937

| | | |
|---|---|---|
| **FAITH PLEASES GOD CHURCH**, | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **CAMERON COUNTY, TEXAS** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY, ET AL.,** | § | |
| | § | |
| *Defendants.* | § | **107TH JUDICIAL DISTRICT** |

—————————————

**DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S NOTICE OF REMOVAL TO FEDERAL COURT**

—————————————

TO THE HONORABLE DISTRICT COURT JUDGE:

PLEASE TAKE NOTICE that pursuant to federal law, **Philadelphia Indemnity Insurance Company**, a Defendant in the above-numbered and entitled cause, has filed with the Clerk of the United States District Court for the Southern District of Texas, Brownville Division, a *Notice of Removal*, a copy of which is attached to and filed with this Notice as **Exhibit** "**A**," and that this action is removed to the United States District Court for the Western District of Texas for trial as of this date, July 19, 2019.  This Court is respectfully requested to take no further action in this matter, unless and until such time as the action may be remanded by order of the United States District Court.

Respectfully submitted,

**MAYER LLP**

By:_____/s/___William R. Pilat_____
    William R. Pilat
    State Bar No. 00788205
    Email:  wpilat@mayerllp.com
    Allison M. Hooker
    State Bar No. 24046103
    Email:  ahooker@mayerllp.com
5051 Westheimer Road, Suite 1000
Houston, Texas 77056
Telephone:  713-487-2000
Facsimile:  713-487-2019

ATTORNEYS FOR DEFENDANT PHILADELPHIA
INDEMNITY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that on July 19, 2019, a true and correct copy of the foregoing *Notice of Removal to Federal Court* was forwarded to all other counsel of record, as listed below, via e-Filing with the electronic service provider for the Collin County District Courts:

David Bergen
Richard D. Daly
DALY & BLACK, P.C.
2211 Norfolk Street, Suite 800
Houston, Texas 77098

    ___/s/___William R. Pilat_____
    William R. Pilat