UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FAITH PLEASES GOD CHURCH CORPORATION, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-133 |
| | § | |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, *et al.*, | § § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Plaintiff Faith Pleases God Church Corporation (Church) brings suit against Philadelphia Indemnity Insurance Company (Philadelphia), VeriClaim, Inc., and John Julian Adame stemming from the alleged underpayment of the Church's insurance claim for property damage. (Orig. Pet., Doc. 1-5)  The Church alleges two causes of action against VeriClaim under Chapter 541 of the Texas Insurance Code.

VeriClaim has filed a Motion to Dismiss (Doc. 11) based on Federal Rule of Civil Procedure 12(b)(6).  With respect to such a motion, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted). In its Motion to Dismiss, VeriClaim submits several exhibits that are neither attached to nor referenced in Plaintiff's Original Petition.  "When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment." *Burns v. Harris Cty. Bail Bond Bd.*, 139 F.3d 513, 517 (5th Cir. 1998) (citing FED. R. CIV. P. 12(b); *Flores v. Sullivan,* 945 F.2d 109, 110 n. 3 (5th Cir. 1991)).  As a result, the Court converts VeriClaim's Motion to Dismiss into a motion for summary judgment.

For the following reasons, the Court concludes that VeriClaim's Motion for Summary Judgment is well taken.

## I. Background

In June 2018, a storm hit the Harlingen, Texas area and damaged the Church's property. (Orig. Pet., Doc. 1-5, ¶ 9)  The Church filed an insurance claim with its insurer, Philadelphia. (*Id.* at ¶ 10)  Philadelphia assigned VeriClaim to investigate the claim, and Adame, a VeriClaim employee, worked as the individual adjuster.  (*Id.* at ¶ 12; Motion, Doc. 11, 3)

The Church alleges that Adame "prepared a report that failed to include all of the damages . . . observed during the inspection, and undervalued the damages observed during the inspection."  (*Id.*)  Adame's inspection and recommendations led Philadelphia to improperly deny or underpay the insurance claim.  (*Id.* at ¶¶ 11, 16)

On January 30, 2019, the Church's counsel notified Philadelphia, VeriClaim, and Adame of the Church's intent to sue them.  (Notice Letter, Doc. 1-2)  On February 21, 2019, Philadelphia responded, electing under Section 542A.006 of the Texas Insurance Code to assume any liability for its agents, which include VeriClaim and Adame.  (Philadelphia's Response Ltr., Doc. 14)

More than four months later, on July 10, 2019, the Church filed suit against the three defendants in Texas state court.[1]  The Church brings three causes of action, for breach of contract and violations of several articles of the Texas Insurance Code.

Philadelphia removed the matter to this Court, (Notice of Removal, Doc. 1), where VeriClaim filed its Motion for Summary Judgment.

## II. Analysis

VeriClaim moves to summarily dismiss all claims against it.  (Motion, Doc. 11)  The Church has not filed a response within the prescribed time period.  *See* S.D. Tex. L.R. 7.3; Local Civ. Proc. 7.B (requiring response to an opposed motion within 21 days of filing).  Under the

---

[1] The Church has not yet served Adame.

Southern District of Texas's Local Rules, a party's failure to file a timely response "will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4; *see also* Loc. Civ. Proc. 7.B ("Failure to file a timely response shall be taken as an indication that the opposing party agrees to the motion and the relief requested.").

## A. Standard of Review

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, shows that no genuine dispute of material fact exists, and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). A genuine dispute over material facts exists if the evidence presents an issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party," and the fact at issue might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.* 47 U.S. 242, 248, 250 (1986). The moving party "bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). All facts and inferences drawn from those facts must be viewed in the light most favorable to the nonmovant. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

If this evidence is provided, the burden then shifts to the responding party to present affirmative evidence to defeat the motion. *Anderson,* 477 U.S. at 257. "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan Worldwide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). "Unsubstantiated assertions, improbable inferences, and unsupported speculation, however, are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003) (internal quotation marks omitted).

In considering a motion for summary judgment, "[t]he court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P 56(c)(3). Moreover, even if the moving party satisfies its burden, a court may deny its motion if it believes that "the better course would be to proceed to a full trial." *Anderson*, 477 U.S. at 255.

### B. Application

The Church brings two causes of action against VeriClaim under Sections 541.051 and 541.061 of the Texas Insurance Code. (Orig. Pet., Doc. 1-5, ¶¶ 24 and 25) In its Motion, VeriClaim argues that because Philadelphia elected to accept any liability for its agents before the Church filed its lawsuit, and VeriClaim is an agent of Philadelphia, the applicable statute prohibits the Church from asserting its claims against VeriClaim.

Under the Texas Insurance Code, "an insurer . . . may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." Tex. Ins. Code § 542A.006(a). An "agent" for purposes of this statute includes an "adjuster who performs any act on behalf of an insurer." *Id.* at § 542A.001(2). When an insurer makes such an election before the claimant files suit, "no cause of action exists against the agent related to the claimant's claim". *Id.* at § 542A.006(b). If, despite notice of the insurer's election under Section 542A, "the claimant files an action against the agent, the court shall dismiss that action with prejudice." *Id.*; *see also Axel Brokers, Inc. v. United Fire & Cas. Co.*, No. 5:19-CV-90, 2019 WL 3996520, at *3 (S.D. Tex. Aug. 23, 2019) ("Under [Section 542.006], United Fire's pre-lawsuit election of liability eliminated any possibility that Plaintiff could recover against Walton."); *Ewell v. Centauri Specialty Ins. Co.*, No. CV H-19-1415, 2019 WL 2502016, at *2 (S.D. Tex. June 17, 2019) (explaining that because the defendant made the election before a claim was filed, there were no causes of action under Chapters 541 and 542 of the Texas Insurance Code against the agent).

In this case, Philadelphia elected to accept liability under Chapter 542A of the Texas Insurance Code for its agents on February 21, 2019, more than four months before the Church filed its lawsuit. No party contests that VeriClaim is an agent of Philadelphia with respect to Church's insurance claim at issue in this lawsuit. Even when viewing the evidence in the light most favorable to the Church, Section 542A precludes all causes of action against VeriClaim for alleged violations of Chapter 541 of the Texas Insurance Code. As a result, VeriClaim is entitled to judgment as a matter of law.

## III. Conclusion

Accordingly, it is:

**ORDERED** that VeriClaim, Inc.'s Motion for Summary Judgment (Doc. 11) is **GRANTED**.

SIGNED this 20th day of February, 2020.

Fernando Rodriguez, Jr.
United States District Judge